LATHAM & WATKINS LLP    K&S King & Spalding

July 28, 2026

**VIA ECF**

The Honorable Loretta A. Preska
US. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re: Notice of Supplemental Authority:
*Chicago Tribune Co. v. Perplexity AI, Inc.*,
No. 1:25-cv-10094-LAP; and
*The New York Times Co., et al. v. Perplexity AI, Inc.*,
No. 1:25-cv-10106-LAP

Dear Judge Preska:

We represent Defendant Perplexity AI, Inc. ("Perplexity") in the above-referenced cases. We write to notify the Court of three recent decisions that support granting Perplexity's pending consolidated motion to dismiss the output-based claims (Counts II and III) asserted in the Chicago Tribune Company's and The New York Times Company's First Amended Complaints. No. 1:25-cv-10094-LAP, ECF Nos. 41-42; No. 1:25-cv-10106-LAP, ECF Nos. 57-58.

Count II. *Epidemic Sound, AB v. Meta Platforms, Inc.* (*Epidemic II*), No. 25-cv-10355, 2026 WL 2001154 (N.D. Cal. July 10, 2026) (**Ex. 1**), confirms the Court should dismiss Plaintiffs' direct infringement claims (Count II) for the independent reason of failure to plead specific allegations for all but 11 asserted works. The *Epidemic II* court dismissed plaintiff's direct infringement claim for failing to allege nonconclusory facts supporting a plausible inference that "*each* of the 1,000 Works asserted ... are substantially similar to works on Meta's platform." *Id.* at *4

(emphasis added). The court explained that the "repeated allegations" that plaintiff's works are "uploaded and reproduced [in the accused product] are entirely conclusory" and "insufficient to create a plausible inference Meta's platforms contain exact copies or wholesale reproductions" of *each* asserted work. *Id.* at *3; *see also id.* at *4 (granting leave to amend "to the extent [the plaintiff] can plausibly allege Meta's infringing works are substantially similar to each of its copyright protected works").

Count III. *Epidemic Sound, AB v. Meta Platforms, Inc.* (*Epidemic I*), No. 22-cv-04223, 2026 WL 2021347 (N.D. Cal. July 13, 2026) (**Ex. 2**) and *Art Records LLC v. YouTube LLC*, No. 25-cv-05069, 2026 WL 1669167 (N.D. Cal. June 9, 2026) (**Ex. 3**) confirm the Court should dismiss Plaintiffs' secondary liability claims (Count III). In *Epidemic I*, the court granted summary judgment to Meta on the plaintiff's contributory liability claim, finding the plaintiff's evidence—that "Meta's systems have not prevented" infringement on its platform and that Meta generated revenue from infringing audio used in its "Reels" feature—insufficient. 2026 WL 1669167 at *37-38. The court rejected the plaintiff's argument that Meta's promotional efforts related to "Original Audio" (in contrast to audio from Meta's library of licensed audio) amounted to promotion of an *infringing use* of that feature, i.e., the uploading of unlicensed copyright-protected music. *Id.* at *36-37.

In *Art Records*, the court dismissed a contributory infringement claim premised on YouTube's "provision of its services to infringers, its refusal to take down the videos, and its decision to continue running ads on the videos while simultaneously blocking [p]laintiff from submitting additional takedown notices." 2026 WL 1669167, at *2. The court found that these allegations merely demonstrated "YouTube's passive role in enabling the viewing of a video that contains allegedly infringing content," which is "not tantamount to intentional inducement … even if YouTube monetized the videos as part of the passive operation of its site." *Id* (internal quotations omitted).

These decisions, both of which relied on *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), confirm that Plaintiffs' conclusory allegations about Perplexity's marketing relating to "news content" and purported failure to take sufficient action to curb infringement by users are legally insufficient to support an inducement claim. They also reflect a growing consensus that, in view

of *Cox*, contributory infringement allegations like those in Plaintiffs' Count III do not state a plausible claim for inducement as a matter of law.[1]

Respectfully submitted,

*/s/ Joseph R. Wetzel*
Joseph R. Wetzel
LATHAM & WATKINS LLP
Counsel for Perplexity AI, Inc.,
No. 1:25-cv-10094-LAP

*/s/ Bruce W. Baber*[2]
Bruce W. Baber
KING & SPALDING LLP
Counsel for Perplexity AI, Inc.,
No. 1:25-cv-1006-LAP

cc: All Counsel of Record (by ECF)

[1] Earlier this summer, several plaintiffs—***including the New York Times and the Tribune***—voluntarily dismissed contributory infringement claims against OpenAI because they were based on the material contribution theory of infringement that is not legally viable under *Cox*. *See In re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143, ECF Nos. 1590-1, 1598-1, 1606 & 1608-1 (S.D.N.Y.).

[2] Perplexity uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.