# RF ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | Boston

August 5, 2026
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.
Benjamin H. Fishman
Jotham Koneri
Delon Lier*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Alexandra S. Hughes
Hugham Chan

Re:    *In re: Chicago Tribune Company, LLC v. Perplexity AI, Inc.*,
       1:25-cv-10094 (LAP) and *New York Times Company v. Perplexity AI, Inc.*,
       1:25-cv-10106 (LAP)

Dear Judge Preska:

Plaintiffs respond to Defendant Perplexity AI, Inc.'s Notice of Supplemental Authority,

Tribune Dkt. 55; Times Dkt. 72.

1.    *Epidemic Sound, AB v. Meta Platforms, Inc.*, 2026 WL 2001154 (N.D. Cal. July

10, 2026) ("*Epidemic II*"), is inapplicable to Perplexity's pending motion to dismiss Count II of

the Complaints for two reasons. *First*, in *Epidemic Sound*, the plaintiff failed to "identify or allege

any facts about any infringing work in either Meta's Audio Library or its Original Audio and

Reels Remix features." 2026 WL 2001154, at *2 (emphasis added). The Court distinguished

Epidemic Sound's complaint from other cases in which "the plaintiffs' complaints included samples

of the allegedly infringing works or their advertisement from which the courts could draw a reasonable

inference of substantial similarity." *Id.* at *3 (emphasis added). That is, providing "samples" of the

allegedly infringing works and the copying of those samples is sufficient to satisfy the plausibility

**RF** ROTHWELL FIGG

Name Hon. Loretta A. Preska
Date: August 5, 2026
Page 2

standard with respect to all the alleged infringed works. Here, Plaintiffs' allegations include specific examples of outputs from Perplexity's answer engine that copy specifically identified Asserted Works. *See, e.g.*, Tribune Dkt. 37 at ¶¶ 63, 65, 67-76, 82; Times Dkt. 44 at ¶¶ 86, 88- 90, 92, 94-103, 105, 107, 117, 118. *Second*, Epidemic Sound also *separately* failed to "allege any facts regarding how Meta obtained Epidemic's Works or, more broadly, how a wholesale reproduction could have been made." *Epidemic Sound*, 2026 WL 2001154, at *3. By contrast, Plaintiffs' Complaints here allege in detail how Perplexity copies Plaintiffs' works by crawling and scraping Plaintiffs' sites and then uses those copied works in Perplexity's retrieval-augmented generation system to produce infringing outputs. *See, e.g.*, Tribune Dkt. 37 at ¶¶ 52-58; Times Dkt. 74-81.

  2.  *Epidemic Sound, AB v. Meta Platforms, Inc. ("Epidemic I")*, No. 22-cv-04223, 2026 WL 2021347 (N.D. Cal. July 13, 2026), is likewise inapposite to Perplexity's pending motion to dismiss Count III. In that case, the Court recognized that "[t]he classic instance of inducement is by advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations," such as by "advertising and infringing use or instructing how to engage in an infringing use." *Id.* at *35 (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005). That is precisely what Plaintiffs have alleged here. *See* Opp'n to Mot. to Dismiss (Times Dkt. 49) at 16-20. The clearest example is Perplexity's use of the marketing slogan "skip the links"; an express encouragement for users to rely on Perplexity for copyrighted news content instead of news websites, like those of Plaintiffs. Because Plaintiffs here have sufficiently alleged inducement, *Epidemic I*—a summary judgement decision in a case without similar alleged acts of advertisement or solicitation—is not applicable.

RF ROTHWELL FIGG

Name Hon. Loretta A. Preska
Date: August 5, 2026
Page 3

3.      *Art Records LLC v. YouTube LLC*, No. 25-cv-05069, 2026 WL 1669167 (N.D. Cal.

June 9, 2026) is also inapposite to Perplexity's motion to dismiss Count III. In *Art Records*, the

Court found that the plaintiff had not alleged that YouTube intended for its services to be used for

infringement or that YouTube "actively encourage[d] infringement through specific acts." *Id.* at *2.

As summarized above, Plaintiffs' complaints sufficiently allege and provide specific examples of

Perplexity's inducement encouraging acts. In addition, unlike YouTube's "passive role in enabling

the viewing of a video that contains allegedly infringing content" (*id.* at *2), here the Complaints

allege in great detail that Perplexity *built its system using Plaintiffs' content*.  Perplexity, not its

users, determines the manner in which Perplexity crawls, scrapes, or otherwise obtains Plaintiffs'

content as part of its RAG process that generates infringing outputs. *See* Tribune FAC ¶¶ 2

(Perplexity "uses advanced AI to search the internet in real-time," then "distills this information

into a clear, concise summary"); 4 (Perplexity "makes copies of that content to store in its 'AI-First'

search index and to feed to its suite of retrieval-augmented generation or 'RAG' products"); 42

(describing Perplexity's 'exabyte-scale index and crawling apparatus' and curation of RAG Content

to generate "answers" to user prompts); Times FAC ¶¶ 2, 4, 64.

4.      Finally, defendant's reference to the *OpenAI* litigation, at 3 n.1, is puzzling. The

plaintiffs in the *OpenAI* matter voluntarily dismissed their contributory infringement claims, which

were based on a "material contribution" theory. Plaintiffs here are pursuing their contributory

infringement claim under the very same classic inducement theory that was recently approved of

by the Supreme Court in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959,

967 (2026).

ROTHWELL FIGG

Name Hon. Loretta A. Preska
Date: August 5, 2026
Page 4

<div style="margin-left:40%">

Respectfully submitted,


*/s/ Steven Lieberman*
Steven Lieberman

</div>

cc: All counsel of record