**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHICAGO TRIBUNE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10094-LAP |
| THE NEW YORK TIMES COMPANY, WIRECUTTER, INC., and THE ATHLETIC MEDIA COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10106-LAP |

**[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiffs Chicago Tribune Company, LLC ("Chicago Tribune") and The New York Times Company ("The Times"), Wirecutter, Inc. ("Wirecutter"), and The Athletic Media Company ("The Athletic"), and Defendant Perplexity AI, Inc. (each a "Party," and collectively, "the Parties"), through their respective counsel of record, hereby submit this Stipulated Confidentiality and Protective Order ("Protective Order") for the Court to so order.

Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern both of the above-captioned actions.

2. This Protective Order governs the handling of any documents, information, and other things exchanged by the Parties or received from nonparties in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, in connection with all phases of the above-captioned actions leading up to trial, including, but not limited to, the filing of any pleadings, answering any discovery requests, taking depositions, filing motions, and preparing transcripts and exhibits. This Protective Order does not govern proceedings during trial, nor does it prohibit any Party from seeking a separate protective order to govern trial proceedings; however, this Protective Order shall govern all testimony taken at a pretrial hearing or other judicial proceeding in these actions.

3. Any information or materials produced by any Party or nonparty as part of discovery in these actions may by such Party or nonparty pursuant to Paragraph 4 of this Protective Order be designated "CONFIDENTIAL" for "Confidential Information," "HIGHLY CONFIDENTIAL" for "Highly Confidential Information," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for "Highly Confidential Information – Outside Counsel Only," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" for "Highly Confidential Information – Inspection Data."

4. As used herein:

(a) "Confidential Information" shall include any documents, tangible things, or testimony that a Party (or nonparty as applicable) reasonably believes not to be in the public domain and contains any confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which, in the good faith judgment of the Party or nonparty designating the material as confidential, could harm the privacy or business interests of the Producing Party (as defined below) or any other person.

Confidential Information shall not include information that (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; or (b) a Receiving Party (as defined below) can demonstrate was already known to the Party at the time of disclosure and was not subject to conditions of confidentiality. The protections conferred by this Protective Order cover not only the documents, tangible things, or testimony designated by the Producing Party as containing Confidential Information, but also (1) any Confidential Information copied or extracted from such documents, tangible things, or testimony; (2) all copies, excerpts, summaries, or compilations of the same; and (3) any other testimony, conversations, or presentations by Parties or their counsel that might reveal the substance of Confidential Information.

(b) "Designated In-House Counsel" shall mean In-House Counsel (as defined below) who seek access to Highly Confidential Information (including information and materials designated "HIGHLY CONFIDENTIAL") in these Actions. Each Party shall be permitted to designate to the other Party no more than five (5) Designated In-House Counsel. To the extent any of those In-House Counsel have responsibilities that include and/or are intertwined with "competitive decision making," *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015), or editorial decision making, those In-House Counsel shall be prohibited from viewing any documents related to content acquisition agreements or negotiations that are designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

(c) "Highly Confidential Information" shall include any Confidential Information that a Party (or nonparty as applicable) reasonably believes to be so sensitive that it is entitled to extraordinary protections. Such information includes but is not limited to any

information, document, or thing, or portion of any document or thing, that contains trade secrets or highly sensitive business or personal information, the disclosure of which would create a substantial risk of serious harm to the privacy or business interests of the Producing Party or any other person that could not be avoided by less restrictive means.

(d) "Highly Confidential Information – Outside Counsel Only" shall consist of Highly Confidential Information related to (i) content acquisition agreements or negotiations and (ii) license agreements or negotiations, including documents reflecting such negotiations or communications regarding such agreements. Designated In-House Counsel shall not have access to Highly Confidential Information – Outside Counsel Only (including information and materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY.")

(e) "Highly Confidential Information – Inspection Data" shall be defined in a separate agreement negotiated by the Parties for the discovery of source code and other extremely sensitive electronic data subject to inspection, including but not limited to training data.

(f) "In-House Counsel" shall mean those attorneys who are directly employed by and serve as in-house counsel to a Party. For the avoidance of doubt, the term In-House Counsel shall not include outside counsel of record who have appeared in these actions or other lawyers affiliated with the law firms that are retained to represent a Party in these actions.

(g) "Producing Party" shall mean the Party or Parties to these actions (and any nonparty as applicable) producing documents and/or information in these actions.

(h) "Receiving Party" shall mean the Party or Parties to these actions (and any

nonparty as set forth in this Protective Order) receiving documents and/or information in these actions.

(i) "Expert" shall mean a person who has been retained by a Party or its counsel to serve as a testifying expert witness or as a non-testifying consultant in these actions, who the Party or its counsel believe has specialized knowledge or experience in an area pertinent to these actions and who is not a past or current employee of a Party, is not a current employee of an opposing Party's commercial competitor, and, at the time of retention, is not anticipated to become an employee of a Party or of an opposing Party's competitor. As a reference point, the Parties shall exchange initial, non-exhaustive lists of competitors within 14 days of entry of this Protective Order.

(j) "Professional Vendor" shall mean a person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits, presentations, or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

5. Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" to each page of the document.

(b) <u>In the case of testimony given in deposition or in other pretrial or trial proceedings</u>, confidentiality designations shall be made by notifying all counsel, either on the record during the deposition or in writing at any time up to twenty (20) business days

after the final transcript is received by counsel for the Party or third party asserting the confidentiality designation, of those portions that are to be stamped or otherwise treated as such. Prior to the expiration of such twenty (20) business day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents, tangible things, deposition transcripts, and recordings of the deposition shall be treated as Highly Confidential Information unless otherwise designated on the record during the deposition.

Nothing shall prohibit a Party from seeking to redesignate a prior confidentiality designation subsequent to the twenty (20) business day period.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. When possible, to minimize the likelihood of inadvertent disclosure of Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data for any information transmitted by electronic mail, the Party or counsel transmitting the information shall make a good faith effort to place an appropriate confidentiality designation in the subject line, or in the body of the first electronic mail message in a chain, to convey that Confidential Information is being transmitted and, if the information is contained in an attachment to the electronic mail, in

the file name or the header or footer of the digital document or media attachment, to the extent the document or media is not already so marked.

6. The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur in and challenges the (a) non-designation or (b) designation of a document or other material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA." To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order, and must state with particularity the reason(s) for the challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten (10) business days of the date of service of the notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the identified document or material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner. If the Producing Party does not agree to redesignate such document or material, the Receiving Party may, within twenty (20) business days of the initial written notice of challenge, move the Court for an order redesignating those documents or materials. If no such motion is filed within twenty (20) business days of the initial written notice of challenge, such documents or materials shall continue to be treated as they are designated by the Producing Party. If such motion is filed, the

documents or other materials shall be treated at the highest level of confidentiality requested by a Party (or nonparty as applicable) unless and until the Court rules otherwise. The burden of proving that information has been properly designated under this Protective Order is on the Party (or nonparty as applicable) making the highest level of confidentiality designation.

7. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Confidential Information (including information and materials designated "CONFIDENTIAL") shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of Plaintiff(s) or Defendant actually engaged in assisting in the preparation of the above-captioned actions and who have been advised of their obligations hereunder;

(b) In-House Counsel and Designated In-House Counsel for the Parties herein and staff and supporting personnel of such attorneys who are directly assisting such counsel in the preparation of the above-captioned actions, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) outside counsel for the Parties to these actions and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of the above-captioned actions, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) a document's author, its addressee, and/or any other person indicated on the face of the document as having received a copy of that version of the document, and/or a custodian of the document;

(e) Experts (as defined in this Protective Order) that are retained by the Parties or their counsel to furnish technical or expert services in connection with these actions or to give testimony with respect to the subject matter of these actions at the trial of these actions or other proceeding herein; provided, however, that such Confidential Information may only be furnished, shown or disclosed in accordance with paragraph 10 of this Protective Order;

(f) the Court and Court personnel, if filed in accordance with paragraph 14 of this Protective Order;

(g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 5(b) of this Protective Order;

(h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 5(b), 11, and 14 of this Protective Order;

(i) professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Certification Regarding Confidentiality (Exhibit A);

(j) mediators or settlement officers and their supporting personnel; and

(k) any other person agreed to in writing by the Parties.

8. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Highly Confidential Information (including information and materials designated "HIGHLY CONFIDENTIAL") shall not be furnished, shown, or disclosed to any person or entity except to:

(a) those individuals listed in Paragraph 7(c)-(k); and

(b) Designated In-House Counsel who have signed the Certification Regarding Confidentiality (Exhibit A).

9. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Highly Confidential Information – Inspection Data (including information and materials designated "HIGHLY CONFIDENTIAL – INSPECTION DATA") shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 7(c)-(k). Notwithstanding the foregoing, while Designated In-House Counsel may not directly inspect or review Highly Confidential Information – Inspection Data, Designated In-House Counsel may review information concerning such data that does not repeat any Highly Confidential Information – Inspection Data verbatim, absent written consent from the Producing Party to directly inspect or review Highly Confidential Information – Inspection Data.

10. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Highly Confidential Information – Outside Counsel Only (including information and materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY") shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 7(c)-(k) and Designated In-House Counsel who do not have responsibilities that include and/or are intertwined with "competitive decision-making" or editorial decision-making and who have signed the Certification Regarding Confidentiality (Exhibit A).

11. Before any disclosure of Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data (including information and materials with any of the designations

set out in Paragraph 3) is made to an Expert (as defined in this Protective Order), counsel for the Party retaining the Expert shall obtain the Expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms, and shall comply with the following procedures:

(a) Counsel for the Party obtaining a Certification Regarding Confidentiality (Exhibit A) for any Expert retained to give testimony at the trial of these actions or other proceeding herein shall supply to counsel for the Producing Party at least ten (10) court days prior to such person's review of material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" pursuant to this Protective Order the following materials: (i) a copy of the testifying Expert's Certification Regarding Confidentiality (Exhibit A), and (ii) a copy of the Expert's current CV, including an identification of the Expert's current employer(s), as well as identification (by name and number of the case and location of the court) of any litigation in connection with which the Expert has been retained or offered expert testimony, including through a declaration, report, or testimony at trial or by deposition, during the preceding four years.

(b) Counsel for the Party obtaining a Certification Regarding Confidentiality (Exhibit A) for any non-testifying consultant retained as an Expert shall supply to counsel for the Producing Party at least ten (10) court days prior to such person's review of material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" pursuant to this Protective Order the following materials: (i) a copy of the non-testifying Expert's Certification Regarding Confidentiality (Exhibit A), and (ii)

a copy of the Expert's current CV, including an identification of the Expert's current employer(s), as well as identification (by name and number of the case and location of the court) of any litigation in connection with which the Expert has been retained or offered expert testimony, including through a declaration, report, or testimony at trial or by deposition, during the preceding four years.

(c) During the ten (10) court-day period referenced in Paragraphs 11(a) and 11(b), counsel for the Producing Party shall have the opportunity to meet and confer with counsel for the Party retaining the Expert regarding the proposed disclosure, failing which the Party retaining the Expert may disclose any material designated under this Protective Order to the proposed Expert. If the Parties do not resolve the dispute as to the proposed disclosure, the Producing Party may seek appropriate relief from the Court within seven (7) court days of the initial meet-and-confer conference. If, after a timely objection and meet-and-confer conference, the Producing Party does not file a letter or motion with the Court pursuant to the procedures of this paragraph, the Party retaining the Expert may disclose the material to properly identified Experts. Nothing in this provision shall preclude a Party from in good faith re-designating an expert consultant as a testifying expert witness.

12. Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, and Highly Confidential Information – Inspection Data shall be utilized by the Receiving Party and its counsel for purposes of prosecuting, defending, or attempting to settle this litigation and for no other purposes.

13. Should the need arise for any of the Parties to disclose Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data during any hearing or trial before the Court,

including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data.

14. If a Party is served with a subpoena or a court order issued in other litigation or proceedings that seeks or compels disclosure of any Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data, that Party must:

(a) promptly notify in writing the Producing Party and include in such notice a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data may be affected.

(d) If the Producing Party timely seeks a protective order in the other litigation or proceeding, the Party served with the subpoena or court order shall not produce any information designated in these actions as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" before a determination by the court

or tribunal from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court or tribunal of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a recipient of Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data in these actions to disobey a lawful directive from another court.

15. This Protective Order shall not preclude counsel for the Parties from using during any deposition in these actions any documents or information that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL– INSPECTION DATA" in accordance with the provisions of this Protective Order. Any court reporter and deposition witness who is given access to Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data shall, prior thereto, be provided with a copy of this Protective Order and shall be requested to sign (or acknowledge on the record their agreement to abide by) an agreement in the form of Exhibit A attached hereto. If he or she declines, the individual shall be advised on the record of their obligations to abide by the Protective Order. Counsel shall have the right to exclude any person who is not authorized under Paragraphs 6 through 9 of this Protective Order to receive documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" from the specific portions of any deposition involving documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" to which that person does not have access, but such exclusion may only occur during periods when the documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL– INSPECTION DATA" to which that person does not have access are utilized or otherwise discussed.

16. All Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data, shall be filed under seal and kept under seal until further order of the Court, consistent with Paragraph G of the Court's Individual Rules of Practice in Civil Cases. The Parties will otherwise follow the Sealed Record Filing Instructions of the Southern District of New York for filing documents under seal. All pleadings, briefs, motions, or other papers filed with the Court that reproduce, paraphrase or disclose any documents or information that have been designated by a Party as comprising or containing Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data shall identify such documents by the production number ascribed to them at the time of production or, in the case of documents or information lacking production numbers, in a similarly clear manner.

17. In the event a non-disclosing Party believes that a document is improperly filed under seal, that Party may file a letter with the Court requesting that the document be unsealed.

The documents will remain under seal until the Court renders a decision on the request to unseal.

18. Any person receiving Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data shall not intentionally or negligently reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

19. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

20. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data, (c) inform the person(s) to whom unauthorized disclosure(s) were made of all the terms of this Protective Order, and (d) request such person(s) execute the Certification Regarding Confidentiality that is attached as Exhibit A.

21. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This

Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence. The provisions of Rule 502(b) of the Federal Rules of Evidence shall not apply in these actions. If information is produced in discovery that is subject to a claim of privilege or work product protection, the Party making the claim may notify each Receiving Party of the claim and the basis for it. After being notified, each Receiving Party shall within five (5) business days destroy or return to the Producing Party or nonparty the information subject to a claim of privilege or work product protection and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the specified information. A Party may move the Court, in accordance with Paragraph 2(E) of this Court's Individual Rules of Practice in Civil Cases, for an order compelling production of the specified information, but said Party may not assert as a ground for entering such an order the fact or circumstances of the production. Nothing in this Protective Order shall preclude a Party from arguing that affirmative use by the Producing Party of communications, information, or documents covered by the attorney-client privilege or work product protection, or other conduct, should or should not constitute a waiver. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of communications, information, or documents for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

22. The production or disclosure of Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data shall not constitute a waiver of each Party's right to object to the production or disclosure of other information in these actions or in any other action.

23. Any person in possession of another Party's Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly

Confidential Information – Inspection Data shall exercise the same care with regard to the storage, custody, security and use of Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data from loss, misuse and unauthorized access, disclosure, alteration, or destruction.

24. This Protective Order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

25. Entering into this Protective Order, producing or receiving information or material designated under this Protective Order, not objecting to any designation under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) waive or prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery or to seek discovery regarding any materials subject to this Protective Order;

(c) waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this

Protective Order;

(d) waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(e) waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information; or

(f) waive or prejudice in any way the rights of any Party to comment on these actions, so long as such comment does not reveal any information in violation of this Protective Order.

26. This Protective Order shall survive the termination of these actions, subject to any Party seeking and receiving written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order.

27. Within sixty (60) days after the final termination of these actions by settlement or exhaustion of all appeals, rehearings, remands, trials, or reviews of these actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, all Confidential Information, Highly Confidential Information, Highly Confidential Information – Outside Counsel Only, or Highly Confidential Information – Inspection Data produced or designated and all reproductions thereof, shall be returned to the Producing Party or, at the option of the Receiving Party, shall be destroyed. In the event that a Receiving Party chooses to destroy physical objects and documents, the Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, (a) the Parties,

the attorneys that the Parties have specifically retained for these actions, and Experts retained by such attorneys are not required to delete or destroy backup tapes or other media maintained for purposes of disaster recovery, business continuity, or regulatory reasons; and (b) outside counsel for the Parties may retain documents constituting work product and copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

28. This Protective Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: August 28, 2026

By: */s/ Steven Lieberman*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker (*pro hac vice forthcoming*)
Jenny L. Colgate (*pro hac vice forthcoming*)
Alexandra Hughes (*admitted pro hac vice*)
Kristen J. Logan (*pro hac vice forthcoming*)
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

*Attorneys for Plaintiffs*

**LATHAM & WATKINS LLP**
*/s/ Joseph R. Wetzel*
Joseph R. Wetzel
Andrew Gass (*pro hac vice* pending)
Brett M. Sandford (*pro hac vice* pending)
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com
andrew.gass@lw.com
brett.sandford@lw.com

Sy Damle
Cory D. Struble
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: sy.damle@lw.com
cory.struble@lw.com

*Attorneys for Defendant in Civil Action No. 1:25-cv-10094-LAP*

**KING & SPALDING LLP**

*/s/ Bruce W. Baber*
Bruce W. Baber (*admitted pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: 404-572-4600
bbaber@kslaw.com

Kathleen E. McCarthy
Jackie Fugitt
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: 212-556-2100
kmccarthy@kslaw.com
jfugitt@kslaw.com

Neel Chatterjee (*admitted pro hac vice*)
245 Lytton Avenue, Suite 150
Palo Alto, California 94301
Telephone: 650-422-6700
nchatterjee@kslaw.com

*Attorneys for Defendant in Civil Action No. 1:25-CV-10106-LAP*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHICAGO TRIBUNE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10094-LAP |
| THE NEW YORK TIMES COMPANY, WIRECUTTER, INC., and THE ATHLETIC MEDIA COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10106-LAP |

**CERTIFICATION REGARDING CONFIDENTIALITY**

I hereby acknowledge that I have read the Stipulated Confidentiality and Protective Order ("Protective Order") entered by the Court on ____________, 2026, in the above-captioned actions and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of the Protective Order and I agree to comply with its terms. I agree not to disclose documents, information, or other things designated under the Protective Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL

– INSPECTION DATA" to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey such designated documents, information, or other things may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – INSPECTION DATA" only in connection with this litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not these actions have been dismissed, transferred, stayed or are appealed.

______________________________

Name: ________________________

Date: ________________________