ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Benjamin H. Fishman
Jotham Koneri
Delon Lier*
Thomas R. Langdon
Kenneth O. Aruda

Of Counsel
Alexandra S. Hughes
Hugham Chan

October 20, 2026

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Chicago Tribune Company, LLC v. Perplexity AI, Inc.*, No. 1:25-cv-10094 (LAP); and *The New York Times Company v. Perplexity AI, Inc.*, No. 1:25-cv-10106 (LAP)

Dear Judge Preska:

Plaintiffs respond to the Notice of Supplemental Authority filed by Defendant Perplexity AI, Inc. *Tribune* Dkt. 63; *Times* Dkt. 79.

*Weekend Warrior Clothing, LLC v. Google LLC*, No. 1:25-cv-00668, 2026 WL 3071519 (S.D. Ohio Oct. 14, 2026) ("*Weekend Warrior*"), supports Plaintiffs' position with respect to both volitional conduct and contributory infringement.

1. Volitional Conduct

In evaluating the volitional-conduct requirement, the court in *Weekend Warrior* explained that "online platforms generally do not engage in volitional conduct **when third-party users upload or submit the infringing content** and the platform only implements an automated process." *Id.* at *5 (emphasis added). The court found that Google had not engaged in volitional conduct because it "passively receives [the infringing] materials from third parties." *Id.* The court

noted that the "[s]election of the infringing content, however, crosses the threshold. . . . When the provider selects the materials, it no longer passively receives materials from third parties but now is actively participating in the infringement." *Id.* (citation omitted).

Here, Perplexity does not **receive** the infringing content from third parties; it **provides** the infringing material (which Perplexity has itself scraped from Plaintiffs) to those third-party users. In response to queries from third-party users, Perplexity's products search for and select the infringing material and then present it to those users. Accordingly, it is Perplexity, not its users, that is the proximate cause of the alleged infringement. *See, e.g.*, *Tribune* FAC ¶ 6 (Perplexity's conduct violates Plaintiffs' exclusive rights under the Copyright Act at the input stage, by unlawfully crawling and scraping Plaintiffs' content, and at the output stage, by generating responses that are identical or substantially similar to Plaintiffs' content).

Moreover, unlike Google, which did "not select or even retrieve" the images hosted by third-party merchants, *Weekend Warrior*, 2026 WL 3071519, at *6, Perplexity itself crawls, scrapes, and copies Plaintiffs' content into its own search index, and assigns greater weight to high-quality news sources through its "trust map of the web." *See, e.g.*, *Tribune* FAC ¶¶ 4, 42, 45, 52–53. Perplexity is thus nothing like the passive conduit described in *Weekend Warrior*.

2. <u>Contributory Infringement</u>

With respect to contributory infringement, Google had not "promot[ed], market[ed], [or] inten[ded] to promote" infringement on its platform. *Weekend Warrior*, 2026 WL 3071519, at *8 (quoting *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 968 (2026)). That is in stark contrast to Perplexity, which Plaintiffs allege "promotes itself as a service providing such content,

inducing its users' direct infringement." *See, e.g.*, *Tribune* FAC ¶ 114; *see also id.* ¶ 3 (Perplexity marketed its product with the slogan "Skip the links").

Respectfully submitted,

*/s/Steven Lieberman*
Steven Lieberman

cc: All counsel of record